### 1. Plaintiff's Preference of Forum

Because Pfizer has established that Kano may serve as an adequate alternative forum, this Court must weigh the *Gilbert* public and private interest factors to determine which forum "will be most convenient and will best serve the ends of justice." *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 46 (2d Cir.1996). While this analysis normally affords domestic plaintiffs "a strong presumption" that their forum choice is sufficiently convenient, a weaker presumption applies in cases brought by foreign plaintiffs. *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 71 (2d Cir.2001); *see also Murray v. British Broad. Corp.,* 81 F.3d 287, 290 (2d Cir.1996) (foreign plaintiff's choice of forum "entitled to less deference").

Here, plaintiffs have demonstrated no meaningful ties to this district or the United States. *See Wiwa,* 226 F.3d at 103 (the greater the plaintiff's ties to the plaintiff's chosen forum, the more likely it is that the plaintiff would be inconvenienced by a requirement to bring the claim in a foreign jurisdiction). Instead, plaintiffs argue that this Court should accord them a greater deference because Pfizer's headquarters are located in this district and Pfizer devised the Trovan test treatment in the United States with the intention of securing FDA approval for Trovan. (Pls.' Mem. in Opp. at 22.) Plaintiffs further assert that Pfizer brought the data it collected in Kano back to the United States. (Pls.' Mem. in Opp. at 22.) However, those factors in no way affect plaintiffs' ties to the Southern District. Thus, while they may be considered in weighing the *Gilbert* public and private interest factors, they entitle the plaintiffs to no greater deference to their choice of forum. Thus, as foreign nationals with no significant ties to the Southern District, plaintiffs are not entitled to a strong presumption that their choice of forum is sufficiently convenient. [FN2]

> FN2. Plaintiffs are also not entitled to a greater deference because they have alleged international law violations. *See Aguinda,* 142 F.Supp.2d at 553 (Even if the court assumed that Texaco participated in a violation of international law that would support the claim brought under the ATCA, "neither that assumption nor any of the other considerations special to these cases materially alters the balance of private and public interest factors that, as previously discussed, 'tilt[s] strongly in favor of trial in the foreign forum." ')

(citing *Wiwa,* 226 F.3d at 106) (internal citation omitted).

### 2. Balancing the Gilbert Factors

The *Gilbert* public interest factors include (1) administrative difficulties associated with court congestion; (2) the unfairness of imposing jury duty on a community with no relation to the litigation; (3) the local interest in having localized controversies decided at home; and (4) avoiding problems in conflict of laws and the application of foreign law. *Gilbert,* 330 U.S. at 508-09; *Iragorri,* 274 F.3d at 74. The *Gilbert* private interest factors include the ease of access to evidence, the cost for witnesses to attend trial, the availability of compulsory process, and other factors that might shorten trial or make it less expensive. *See Piper,* 454 U.S. at 241 n. 6, 102 S.Ct. 258 n. 6 (citing *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843); *Iragorri,* 274 F.3d at 73-74. "Application of the factors enunciated in *Gilbert* varies depending on the unique facts of each case; the inquiry is intended to be flexible, with no particular emphasis on any single factor." *Doe v. Highland Therapeutics Division,* 807 F.Supp. 1117, 1121 (S.D.N.Y.1992) (citations omitted); *accord Iragorri,* 274 F.3d at 74; *see also Leon,* 251 F.3d at 1310 (citing 17 *Moore's Federal Practice* § 111.74[3][b] at 111-221 (3d ed. 2000)) ("[E]ven though the private factors are generally considered more important than the public factors, the better rule is to consider both factors in all cases.").

*11 Because plaintiffs assert claims under international law, there is no concern regarding the difficulty in applying foreign law. Thus, the parties rely on their starkly differing characterizations of plaintiffs' claims to advocate their preferred forums. Plaintiffs argue that this is a case "whose center of gravity lies in the United States" based on Pfizer's alleged willingness to "commit wrongdoing abroad" and circumvent the necessary FDA regulatory approval for the export of Trovan in order to gain approval for "the sale and marketing of the drug to the U.S. consumers." (Pls.' Mem. in Supp. at 31.) Pfizer urges that this Court should regard the location of the injury as paramount. (Defs.' Mem. in Opp. at 29.)

It is undeniable that Nigeria has a very strong interest in this litigation. The Trovan test occurred in Nigeria, and all the alleged victims are Nigerian.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2002 WL 31082956, *11 (S.D.N.Y.))

Further, plaintiffs' allegations rely on the premise that Pfizer's alleged experiment was made possible with the aid of several of Nigeria's own government officials. *Piper,* 454 U.S. at 260 (citing *Gilbert,* 330 U.S. at 509) (There is "a local interest in having localized controversies decided at home."). Undoubtedly, however, the citizens of this forum share a compelling interest in this litigation as well. Pfizer developed, produced, and performed preliminary testing of Trovan, and also designed the Kano treatment protocol within the United States. Moreover, Pfizer conducted those activities and allegedly circumvented FDA regulations with the ultimate goal of selling and distributing Trovan domestically. Those allegations give rise to a public interest in having a United States court decide issues concerning Pfizer's possibly tortious conduct. *Carlenstolpe v. Merck & Co., Inc.,* 819 F.2d 33, 35 (2d Cir.1987) (affirming the district court's finding that there was a strong public interest in a products liability action concerning a vaccine that was developed in the United States but approved for distribution in Sweden). Thus, the *Gilbert* public interest factors do not strongly support either forum over the other.

With regard to the private *Gilbert* interests, plaintiffs argue that "[o]ther than the plaintiffs, nearly all of the key witnesses are U.S.-based" including Pfizer's current and former employees involved in the Kano Trovan treatment. (Pls.' Mem. in Opp. at 38.) However, while discovery related to Pfizer's alleged tortious conduct is within the United States, plaintiffs will also need to establish proof of causation, injury, and damages. As Pfizer asserts, witnesses who are "crucial" to those factual inquiries, including the local hospital personnel who communicated with the plaintiffs during the Trovan treatment, the Nigerian government officials who approved the study, the Kano IDH Ethics Committee, employees of the Aminu Kano Teaching Hospital, and more than twenty-five additional Nigerian individual witnesses with knowledge of the relevant events who are identified and disclosed in the plaintiffs' document production, are all located in Nigeria. (Def.'s Reply Br. at 20; Declaration of Atiba Adams, dated Jan. 25, 2002 ("Adams Decl."), ¶ 7.) Thus, evidence of numerous elements essential to plaintiffs' claim, evidence which is also not within plaintiffs' control, will be much more accessible in the Nigerian forum. *Aguinda,* 2002 WL 1880105, at *7 (affirming district court's

finding that private interests "heavily" favored foreign forum where plaintiffs lived, were injured, and their medical records were located); *see also Highland Therapeutics,* 807 F.Supp. at 1124; *de Melo v. Lederle Lab. Div. of Am. Cyanamid Corp.,* 801 F.2d 1058, 1062-63 (8th Cir.1986).

*12 Further, as plaintiffs concede, most of the documents and witnesses located in the United States are within Pfizer's control. (Pls.' Mem. in Opp. at 38 ("Pfizer brought all the materials, samples, records and documents related to the Kano Trovan Test back to the United States."; The "key" U.S.-based witnesses include Pfizer researchers.)) In addition, Pfizer has stipulated that it will facilitate any Nigerian action by providing plaintiffs with any relevant records; making past or present Pfizer employees available for depositions pursuant to 28 U.S.C. § 1782 [FN3]; and using its "best efforts" to make any past and present employees of Pfizer who would be subject to subpoena in the Southern District of New York available to testify at trial in Kano at Pfizer's cost (Def.'s Mem. in Supp. at 37.). [FN4] *Aguinda,* 2002 WL 1880105, at *8 (defendant adequately addressed plaintiffs' concern for U.S. discovery through a stipulation). Thus, the balance of the *Gilbert* private interest factors clearly weighs in favor or granting Pfizer's motion to dismiss for forum non conveniens because the vexation that it would incur in pursuing the relevant Nigerian discovery while litigating in this forum is grossly disproportionate to any convenience that plaintiffs may experience.

> FN3. Section 1782 provides, in part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal ...."

> FN4. While this Court cannot condition its dismissal for *forum non conveniens* on a term requiring Pfizer to abide by the Federal Rules of Civil Procedure, *see In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India,* 809 F.2d 195, 206 (2d Cir.1987), this Court notes that nothing prevents the parties from applying to the Nigerian court for a court-sanctioned agreement providing that the parties will pursue mutual discovery in accord with the Federal Rules.

Accordingly, for the foregoing reasons, the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
**(Cite as: 2002 WL 31082956, \*12 (S.D.N.Y.))**

defendant's motion to dismiss this action on grounds of forum non conveniens is hereby granted provided that:

1. defendant Pfizer consents to suit and acceptance of process in any suit plaintiffs file in Nigeria on the claims that are the subject of the instant suit;

2. defendant Pfizer waives any statute of limitations defense that may be available to it in Nigeria;

3. defendant Pfizer makes available for discovery and for trial, at its own expense, any documents, or witnesses, including retired employees, within Pfizer's control that are needed for a fair adjudication of the plaintiffs' claims; and

4. defendant Pfizer will not act to prevent plaintiffs from returning to this Court if the Federal High Court in Nigeria declines to accept jurisdiction of this action, if it is filed in Nigeria within 60 days of the entry of this Order.

The Clerk of the Court is directed to close this case.

SO ORDERED:

2002 WL 31082956 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

KeyCite

Date of Printing: OCT 24,2003

**KEYCITE**

CITATION:  **Adbullahi v. Pfizer, Inc., 2003 WL 22317923 (2nd Cir.(N.Y.), Oct 08, 2003)**
**(Not selected for publication in the Federal Reporter) NO. 02-9223 (L), 02-9303 (XAP))**
History
Direct History

     1  Abdullahi v. Pfizer, Inc., 2002 WL 31082956  (S.D.N.Y. Sep 17, 2002) (NO. 01 CIV. 8118)
          (Additional Negative History)
         *Vacated in Part by*
=>    2  **Adbullahi v. Pfizer, Inc.**, 2003 WL 22317923  (2nd Cir.(N.Y.) Oct 08, 2003)
          (Not selected for publication in the Federal Reporter, NO. 02-9223 (L),
          02-9303 (XAP))

© Copyright 2003 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058
914 668, or their Licensors. All rights reserved.

Slip Copy
(Cite as: 2003 WL 22317923 (2nd Cir.(N.Y.)))
H

Page 12

Only the Westlaw citation is currently available.

This case was not selected for publication in the Federal Reporter.

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)

United States Court of Appeals, Second Circuit.

Rabi ABDULLAHI, individually and as the natural guardian and personal representative of the estate of her daughter Lubabatau Abdullahi; Salisu Abullahi, individually and as the natural guardian and personal representative of the estate of his son Abullahi (Manufi) Salisu; Alasan Abdullahi, individually and as the natural guardian and personal representative of the estate of his daughter Firdausi Abdullahi; Ali Hashimu, individually and as the natural guardian and personal representative of the estate of his daughter Suleiman Ali; Muhammadu Inuwa, individually and as the natural guardian and personal representative of the estate of his son Abdullahi M. Inuwa; Magaji Alh Laden, individually and as the natural guardian and personal representative of the estate of his son Kabiru Isyaku; Alhaji Mustapha, individually and as the natural guardian and personal representative of the estate of his daughter Asma'u Mustapha; Suleiman Umar, individually and as the natural guardian and personal representative of the estate of his son Buhari Suleiman; Zainab Abdu, a minor, by her mother and natural guardian, Hajia Abdullahi; Hajia Abdullahi, individually; Firdausi Abdullahi, a minor, by her father and natural guardian, Abdullahi Madawaki; Abdullahi Madawaki, individually; Sani Abdullahi, a minor, by her father and natural guardian, Abdullahi Madawaki; Abdullahi Ado, a minor, by his mother and natural guardian, Aisha Ado; Aisha Ado, individually; Abdulmajid Ali, a minor, by his father and natural guardian, Alhaji Yusuf Ali; Alhaji Yusuf Ali, individually; Nura Muhammad Ali, a minor, by his father and natural guardian, Muhammad Ali; Muhammad Ali, individually; Umar Badamasi, a minor, by his father and natural guardian, Malam Badamasi Zubairu; Malam Badamasi Zubairu, individually; Muhammadu Fatahu Danladi, a minor, by his father and natural guardian, Alhaji Danladi Ibrahim; Alhaji Danladi Ibrahim, individually; Dalha Hamza, a minor, by his father and natural guardian, Malam Hamza Gwammaja; Malam Hamza Gwammaja, individually; Tasiu Haruna, a minor, by his guardian, Mukhtar Saleh; Mukhtar Saleh, individually; Muhyiddeen Hassan, a minor, by his father and natural guardian, Tijjani Hassan; Tijjani Hassan, individually; Kawu Adamu Ibrahim, a minor, by his father and natural guardian, Malam Abamus Ibrahim Adamu; Malam Abamus Ibrahim Adamu, individually; Sunusi Alh Ibrahim, a minor, by his father and natural guardian, Alhaji Ibrahim Haruna; Alhaji Ibrahim Haruna, individually; Malam Idris, individually; Maryam Idris, a minor, by her father and natural guardian, Malam Idris; Yusuf Idris, a minor, by his father and natural guardian, Idris Umar; Idris Umar, individually; Hafsat Isa, a minor, by her father and natural guardian, Isa Muhammed Isa; Muhammed Isa, individually; Taju Isa, a minor, by her father and natural guardian, Malam Isa Usman; Malam Isa Usman, individually; Hadiza Isyaku, a minor, by her father and natural guardian, Isyaku Shuaibu; Isyaku Shuaibu, individually; Zahra'u Jafaru, a minor, by her father and natural

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Slip Copy                                                                    **Page 13**
**(Cite as: 2003 WL 22317923 (2nd Cir.(N.Y.)))**

guardian, Jafaru Baba; Jafaru Baba, individually;
Anas Mohammed, a minor, by
his father and natural guardian, Malam Mohammed;
Malam Mohammed, individually;
Nafisatu Muhammed, a minor, by her mother and
natural guardian, Yahawasu
Muhammed; Yahawasu Muhammed, individually;
Muhsinu Tijjani, a minor, by his
father and natural guardian, Tijjani Hassan; Alhaji
Yusuf Yusuf, individually,
Plaintiffs-Appellants-Cross-Appellees,
v.
PFIZER, INC., Defendant-Appellee-Cross-
Appellant.

Nos. 02-9223 (L), 02-9303(XAP).

Oct. 8, 2003.

Aliens who allegedly received an experimental
antibiotic during epidemic in Nigeria sued drug
manufacturer which administered the antibiotic,
alleging violations of international law. The United
States District Court for the Southern District of
New York, 2002 WL 31082956, William H. Pauley,
J., dismissed action on ground of forum non
conveniens, and aliens appealed. The Court of
Appeals held that remand was required to determine
if dismissal of parallel action in Nigeria precluded
dismissal of aliens' action on ground of forum non
conveniens.

Vacated and remanded.

[1] Evidence ☜43(4)

157k43(4)

Reasons for dismissal of Nigerian action against
drug manufacturer based on its alleged
administration of experimental antibiotic during
epidemic in Nigeria was not proper subject for
judicial notice on appeal from order dismissing
action arising from the same events on ground of
forum non conveniens. Fed.Rules Evid.Rule 201(b),
28 U.S.C.A.

[2] Federal Courts ☜947

170Bk947

Remand was required in aliens' action against drug
manufacturer, based on its alleged administration of

experimental antibiotic during epidemic in Nigeria,
to determine if dismissal of parallel action in Nigeria
precluded dismissal of action on ground of forum
non conveniens.

Appeal from the United States District Court for the
Southern District of New York (William H. Pauley,
Judge).

Elaine S. Kusel, Milberg Weiss Bershad Hynes &
Lerach LLP (Melvyn I. Weiss, Jennifer T. Dunn,
Ann M. Lipton, of counsel), New York, NY, for
Plaintiffs-Appellants, of counsel.

Ali Ahmad, Cheverly, MD, for Plaintiffs-
Appellants.

Steven Glickstein, Kaye Scholer LLP (David
Klingsberg, James D. Herschlein, on the brief),
New York, NY, for Defendant-Appellee.

PRESENT: Hon. THOMAS J. MESKILL, Hon.
ROGER J. MINER, and Hon.   CHESTER J.
STRAUB, Circuit Judges.

SUMMARY ORDER

*1 THIS SUMMARY ORDER WILL NOT BE
PUBLISHED IN THE FEDERAL REPORTER
AND MAY NOT BE CITED AS PRECEDENTIAL
AUTHORITY TO THIS OR ANY OTHER
COURT, BUT MAY BE CALLED TO THE
ATTENTION OF THIS OR ANY OTHER COURT
IN A SUBSEQUENT STAGE OF THIS CASE, IN
A RELATED CASE, OR IN ANY CASE FOR
PURPOSES OF COLLATERAL ESTOPPEL OR
RES JUDICATA.

At a stated term of the United States Court of
Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, Foley
Square, in the City of New York, on the 8th day of
October, two thousand and three.

AFTER  ARGUMENT  AND  UPON  DUE
CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED AND DECREED that the judgment of
the District Court is hereby VACATED and the case
REMANDED.

Plaintiffs Rabi Abdullahi et al. appeal from an
order and final judgment entered September 26,
2002 by the United States District Court for the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Slip Copy                                                                                        **Page 14**
(Cite as: 2003 WL 22317923, *1 (2nd Cir.(N.Y.)))

Southern District of New York (William H. Pauley, *Judge* ), dismissing their complaint on grounds of *forum non conveniens*. Defendant Pfizer, Inc. cross-appeals from the District Court's contemporaneous denial of Pfizer's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs are minors and their guardians, all of whom reside in Nigeria. Defendant Pfizer, the world's largest pharmaceutical corporation, was incorporated in Delaware and has its headquarters in New York. The central events at issue in this lawsuit occurred in 1996, not long after epidemics of bacterial meningitis, measles and cholera broke out in Kano, Nigeria. Pfizer established a treatment center at the Infectious Disease Hospital in Kano to treat victims of the meningitis epidemic. Plaintiffs allege that Pfizer, instead of using safe and effective bacterial meningitis treatments, used the epidemic as an opportunity to conduct biomedical research experiments on Nigerian children involving Pfizer's "new, untested and unproven" antibiotic, trovaflozacin mesylate, better known by its brand name, Trovan(R). *Abdullahi v. Pfizer,* No. 01 Civ. 8118, 2002 WL 31082956, at *1 (S.D.N.Y. Sept.17, 2002). [FN1] Plaintiffs claim that Pfizer failed to explain to the children's parents that the proposed treatment was experimental, that they could refuse it, or that other organizations offered more conventional treatments at the same site free of charge. *Id.* at *2. In addition, plaintiffs assert that half of the children who participated in Pfizer's treatment program were deliberately given inadequate doses of ceftriaxone-an FDA-approved drug shown to be effective in treating meningitis-so that Trovan would look more effective by comparison. *Id.* According to plaintiffs, five of the children who received Trovan and six of the children who were "low-dosed" with ceftriaxone died and others treated by Pfizer suffered very serious injuries, including paralysis, deafness and blindness. *Id.*

Plaintiffs filed their complaint in this action on August 29, 2001. They asserted that one of the bases of jurisdiction in the District Court was 28 U.S.C. § 1350, the Alien Tort Claims Act ("ATCA"), because Pfizer purportedly violated the Nuremberg Code, the Declaration of Helsinki, article 7 of the International Covenant on Civil and Political Rights, FDA regulations and other norms of international law. In a Memorandum and Order dated September

16, 2002, the District Court (William H. Pauley, *Judge* ) denied Pfizer's 12(b)(6) motion to dismiss the complaint for failure to state a claim under the ATCA but granted Pfizer's motion to dismiss the complaint on *forum non conveniens* grounds. *See Abdullahi,* 2002 WL 31082956, at *6, *12. Judgment was entered on September 26, 2002 and this timely appeal followed.

 *2 We review a *forum non conveniens* dismissal for "a clear abuse of discretion." *Monegasque de Reassurances S.A.M. v. Nak Naftogaz of Ukr.,* 311 F.3d 488, 498 (2d Cir.2002). In evaluating the *forum non conveniens* question, the District Court properly considered: (i) the level of deference owed to the plaintiffs; (ii) the availability of an adequate alternative forum; and (iii) whether the public and private interest factors weigh in favor of an adjudication in the plaintiffs' chosen forum or in the defendant's proposed alternative. *See id.* at 500. The District Court resolved each of these questions in Pfizer's favor, finding that: (i) plaintiffs' choice of forum was owed "less deference" because they are foreign plaintiffs; (ii) Nigeria was an adequate alternative forum; and (iii) the public and private interest factors favored a trial in Nigeria over one in New York. *Abdullahi,* 2002 WL 31082956, at *6-12 .

 Our principal problem in resolving this appeal on the current record relates to the inquiry into the existence of an adequate alternative forum. It is well settled that a *forum non conveniens* motion "may not be granted unless an adequate alternative forum exists," and, in general, "[a]n alternative forum is ordinarily adequate if the defendants are amenable to service of process there and the forum permits litigation of the subject matter of the dispute." *Monegasque,* 311 F.3d at 499 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). To satisfy this element of the analysis, Pfizer demonstrated that it was subject to service of process in Nigeria and that Nigerian law provided an adequate remedy for plaintiffs' claims because it recognizes negligence, medical malpractice, and personal injury claims. *Abdullahi,* 2002 WL 31082956, at *7.

 In "rare" cases, however, as the District Court aptly observed, "if the plaintiff shows that conditions in the foreign forum plainly demonstrate that 'plaintiffs are highly unlikely to obtain basic justice

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Slip Copy
**(Cite as: 2003 WL 22317923, \*2 (2nd Cir.(N.Y.)))**

Page 15

therein,' ' a defendant's *forum non conveniens* motion be denied. *Id.* at \*8 (citation omitted). In this case, the plaintiffs made just such a claim-arguing vehemently that the Nigerian court system was too corrupt to be considered an adequate alternative forum. In support of these allegations, plaintiffs submitted to the District Court affidavits and a number of State Department and United Nations' reports that included general observations about the corruption in Nigeria's judiciary. *See id.* Although it observed that "the record offered by plaintiffs indicates that Nigeria is a nation experiencing difficulties in its transition from a dictatorship to a democracy," the District Court declined to find Nigeria to be an inadequate alternative. According to the District Court, "nothing in plaintiffs' submissions reaches beyond the most general of characterizations," and "conclusory allegations of corruption or bias on the part of the foreign forum will not prevent a dismissal on forum non conveniens grounds." *Id.* at \*8-9.

**\*3** [1] On appeal, the plaintiffs have made a motion that we take judicial notice of the fact that "[a] parallel action filed in Nigeria [*Zango v. Pfizer*, No. FHC/K/CS/204/2001], involving different plaintiffs but the same course of conduct by Pfizer, was dismissed on August 19, 2002." [FN2] Plaintiffs request that we notice both the *fact* of the dismissal "and the reasons for it." Plaintiffs rely on the statements included in the Notice of Discontinuance as proof of the *Zango* plaintiffs' reasons for discontinuing the action. (The notice blames an indefinite adjournment and the fact that the judge hearing the case declined jurisdiction "for personal reasons.")

Pfizer objects to the plaintiffs' motion and requests, instead, that we take notice of the entire *Zango* docket, minutes and rulings because, according to Pfizer, these entries, minutes and rulings show that the *Zango* plaintiffs' version of events (as outlined in the Notice of Discontinuance) is disingenuous. Plaintiffs oppose Pfizer's motion, arguing that we "cannot fully understand the significance of the events in *Zango* on the [selective] record provided by Pfizer."

[2] The plaintiffs' understanding of the *Zango* events conflicts with the interpretation that Pfizer wishes us to draw from the docket entries (which

were not presented to the District Court) and this dispute is impossible for us to resolve based on the record before us. As such, this would be an inappropriate fact for judicial notice. [FN3] *See* Fed.R.Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also* Weinstein's Federal Evidence § 201.13[1][b] ("Courts will not take judicial notice of factual propositions that are subject to reasonable dispute, even if they appear as allegations in pleadings, trial testimony, or findings of fact in judgments.") (footnotes omitted). These facts, however, would seem to be relevant to the *forum non conveniens* analysis-perhaps providing just the type of specific information that the District Court found lacking. As such, we remand the case to the District Court for proceedings to determine what precipitated the dismissal in *Zango* and to evaluate whether that impacts the District Court's *forum non conveniens* analysis.

We also note that while this appeal was pending, another panel of this Court decided *Flores v. Southern Peru Copper Corp.*, No. 02-9008, 2003 WL 22038598 (2d Cir. Aug.29, 2003) (holding that plaintiffs' claims of local, intranational environmental pollution were not actionable under the ATCA because such pollution does not violate customary international law). The applicability of *Flores* to the instant case is not entirely clear, in large part because this issue-whether the conduct alleged qualifies as a violation of "customary international law" under the ATCA-is one that Pfizer did not address before the District Court. [FN4] Both parties have glossed over the issue on appeal.

**\*4** Because we are remanding for further proceedings with respect to Pfizer's motion to dismiss on *forum non conveniens* grounds, we do not reach the subject of Pfizer's cross appeal-the propriety of the District Court's denial of Pfizer's Rule 12(b)(6) motion.

For the foregoing reasons, we VACATE the District Court's judgment granting Pfizer's motion to dismiss on *forum non conveniens* grounds and REMAND the matter for further proceedings not

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Slip Copy

(Cite as: 2003 WL 22317923, *4 (2nd Cir.(N.Y.)))

inconsistent with this summary order.

> FN1. This brief summary of the facts is drawn largely from the District Court's memorandum and order. As the District Court did, we accept the allegations in the plaintiffs' complaint as true for purposes of resolving the motions to dismiss.

> FN2. The *Zango* plaintiffs' Notice of Discontinuance was dated August 19, 2002, but it was not actually filed until October 17, 2002. Thus, although plaintiffs suggested otherwise in their motion papers, the *Zango* dismissal did *not* predate the issuance of the District Court's order dismissing this case on *forum non conveniens* grounds. The District Court's order was dated September 16, 2002 and the judgment was entered on September 26, 2002.

> FN3. Because we are remanding, we need not take

> judicial notice of the other items cited by the parties, including new State Department travel warnings and other reports, and a supplemental appendix filed in *Monegasque, see* 311 F.3d at 499 . We leave the resolution of these issues to the District Court.

> FN4. Indeed, when prodded by the District Court at oral argument on its motion, Pfizer repeatedly indicated that this threshold issue-whether the conduct alleged by the plaintiffs would violate any customary international law-was "not the subject of [its] motion." Moreover, Pfizer suggested that it would only pursue such an argument if the District Court found that the plaintiffs had adequately pleaded state action.

2003 WL 22317923 (2nd Cir.(N.Y.))

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

KeyCite                                                                                    **Page 12**

Date of Printing: OCT 24,2003

**KEYCITE**

CITATION:  **Adbullahi v. Pfizer, Inc., 2003 WL 22317923 (2nd Cir.(N.Y.), Oct 08, 2003)**
**(Not selected for publication in the Federal Reporter) NO. 02-9223 (L), 02-9303 (XAP))**
**History**
**Direct History**

1  Abdullahi v. Pfizer, Inc., 2002 WL 31082956  (S.D.N.Y. Sep 17, 2002) (NO. 01 CIV. 8118)
      (Additional Negative History)
      *Vacated in Part by*
=>        2  **Abdullahi v. Pfizer, Inc., 2003 WL 22317923**  (2nd Cir.(N.Y.) Oct 08, 2003)
          (Not selected for publication in the Federal Reporter, NO. 02-9223 (L),
          02-9303 (XAP))

© Copyright 2003 West, Carswell, Sweet & Maxwell Asia and Thomson Legal & Regulatory Limited, ABN 64 058
914 668, or their Licensors. All rights reserved.

Issued by the

# UNITED STATES DISTRICT COURT

__Northern District__ _____ **DISTRICT OF** _Georgia_____

Rabi Abudullahi, et al.

v.

Pfizer, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:  01 Civ. 8118 (WHP)
(Pending in the Southern District of
New York)

To:  Juan Walterspiel
4410 Pinehollow Ct.
Alpharetta, GA 30022

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Brown Reporting<br>1740 Peachtree Street, N.W.<br>Atlanta, GA 30309 | July 2, 2002 at 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,

SEE ATTACHED "SCHEDULE A"

| PLACE | DATE AND TIME |
|---|---|
| Milberg Weiss Bershad Hynes & Lerach LLP<br>One Pennsylvania Plaza<br>New York, NY 10119 | June 27, 2002 at 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF | DATE |
|---|---|
| RL 9578 (Attorney for Plaintiff) | May 24, 2002 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Regina La Polla
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza, New York, NY 10119   (212) 594-5300

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1.  All documents concerning, discussing or relating to Trovafloxacin Mesylate ("Trovan").

2.  All documents concerning, discussing or relating to the 1996 clinical testing of Trovan in Kano, Nigeria, by Pfizer, Inc ("Pfizer").

3.  All documents concerning, discussing or relating to U.S. clinical trials of Trovan by Pfizer.

4.  All documents concerning, discussing or relating to any Food and Drug Administration ("FDA") audits, inspections or enforcement actions concerning Trovan, including the 1997 audit by the FDA, the disqualification of any clinical investigators, and the results of all audits, inspections and enforcement actions.

5.  All documents concerning, discussing or relating to charges and/or complaints (whether formal or informal), lawsuits, arbitration, mediation or other disputes concerning Trovan or the 1996 clinical testing of Trovan in Kano, Nigeria.

6.  All documents concerning, discussing or relating to complaints or charges (whether formal or informal) that Pfizer "low dosed" control drugs in Nigeria or other clinical trials.

7.  All documents concerning, discussing or relating to complaints or charges (whether formal or informal) that Pfizer failed to obtain informed consent in Nigeria or other clinical trials.

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered on

this date, to:

> Richard P. Altschuler, Esq.
> Altschuler & Altschuler
> 509 Campbell Ave.
> P.O. Box 606
> West Haven, CT 06516

Dated at Bridgeport, Connecticut on this 27th day of October, 2003.

Edward R. Scofield