IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

AJUDU ISMAILA ADAMU,      :

        Plaintiff,    :     No. 02 CV 2104 (GLG)

                   :

v.                     :

                   :

PFIZER INC.,          :

                   :

        Defendant.    :     December 8, 2003

                   :

-----------------------------------------------------------x

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO TRANSFER

### PRELIMINARY STATEMENT

Pfizer established in its opening brief that transfer to the Southern District of New York should be granted in the "interests of justice" and for the "convenience of parties" because a previously filed action arising out of the identical Nigeria treatment program – *Abdullahi v. Pfizer Inc.*, No. 01-8118 (S.D.N.Y.) ("*Abdullahi*") – is already pending there. Plaintiffs do not dispute that the Second Circuit has directed Judge Pauley to address two threshold issues that also will need to be addressed by this court, namely: (1) whether these cases should be litigated in the U.S. or Nigeria, and in particular, whether the plaintiffs' dismissal of their Nigeria action impacts this *forum non conveniens* analysis; and (2) whether plaintiff's complaint states a claim under the Alien Tort Statute, and in particular, the relevance of the Second Circuit's decision in *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140 (2d Cir. 2003) to that question.

Plaintiffs would have this Court duplicate Judge Pauley's efforts and decide identical questions to which Judge Pauley has devoted considerable time and effort. Their principal argument is that their case is different because they have appended three supplemental state law claims to their

30761928.WPD

core international law claims.  However, it is well established that the mere appendage of

Connecticut state law claims to a complaint is not sufficient to defeat transfer. *Sutton v. Rehtmeyer*

*Design Co.*, 114 F. Supp. 2d. 46 (D. Conn. 2000); *Clisham Mgmt., Inc. v. American Steel Bldg. Co.*,

792 F. Supp. 150 (D. Conn. 1992); *LesCare Kitchens, Inc. v. Home Depot U.S.A., Inc.*, 1998 WL

720536, at *2 (D. Conn. Sept. 29, 1998) (each granting §1404 transfer despite presence of

Connecticut State law claims).  Moreover, the Connecticut law claims will be dismissed because

Nigerian law, not Connecticut law, governs this action.  *Northern Tankers Ltd. v. Backstrom*, 934

F. Supp. 33, 38 (D. Conn. 1996) (Goettel).

        Accordingly, this court should transfer this case to the Southern District of New York

where Judge Pauley can "consider the appropriateness of consolidation" *Computer Assistance, Inc.*

*v. Morris*, 564 F. Supp. 1054, 1058 (D. Conn. 1983), and ensure that "duplic[ative] litigation" and

"inconsistent results [are] avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968).

## ARGUMENT

**I.    PLAINTIFFS CONCEDE THAT THIS ACTION COULD HAVE ORIGINALLY BEEN BROUGHT IN THE S.D.N.Y.**

        Plaintiffs do not dispute that because Pfizer is headquartered in New York, this action

could have originally been brought in the Southern District of New York.

**II.    THE BALANCE OF CONVENIENCES AND THE INTERESTS OF JUSTICE FAVOR TRANSFER OF THIS ACTION TO THE SOUTHERN DISTRICT OF NEW YORK**

> **A.    Plaintiffs Fail To Refute That The Related Action Pending In The Southern District of New York "Weighs Heavily" In Favor of Transfer**

        As Pfizer established in its opening brief, the Second Circuit has held "[t]here is a

strong policy favoring the litigation of related claims in the same tribunal in order that pretrial

discovery can be conducted more efficiently, duplic[ative] litigation can be avoided, thereby saving

30761928.WPD                                  2

time and expense for both parties and witnesses, and inconsistent results can be avoided."
*Wyndham Assocs.*, 398 F.2d at 619. For these reasons, courts have routinely held that "the existence
of a related action pending in the transferee court weighs heavily towards transfer." *APA Excelsior
III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999); Pfizer's Br. at 7 & n. 3.

Plaintiffs largely ignore this case law and fail to cite anything to the contrary. Instead,
plaintiffs contend that transfer is not appropriate because the Southern District of New York has
already decided that New York is an inconvenient forum (Pl. Br. at 6-7). In fact, the *forum non
conveniens* issue in both this case and *Abdullahi* is whether these actions should be tried anywhere
in the United States -- whether it be New York or Connecticut. Only one federal court should decide
that issue.[1]

Plaintiffs' attempts to distinguish Pfizer's case law similarly fail. For example,
plaintiffs concede that *Abdullahi* is "a similar case" and involves "international issues that are the
same," yet they argue that because this action does not involve the same exact issues as *Abdullahi*,
transfer should not be granted here (Pl. Br. at 8). But plaintiffs themselves cite to a case holding that
transfer does not require complete identity of issues; it is sufficient that the "bulk of the claims
asserted" in both actions are the same. *Equipos Nucleares, S.A. v. Fairfield Energy Venture, L.P.*,
1989 WL 6628, at *2 (S.D.N.Y. Jan. 23, 1989) (emphasis added). In *Equipos*, a New York federal
court held that the "prevention of duplic[ative] litigation and inconsistent results mandate[d] transfer"

---

[1]    Plaintiffs' contention that the motion to transfer is premature because Pfizer previously
moved to stay this action pending decision (which has not yet occurred) in *Abdullahi* (Pl.
Br. at 1-2) ignores the changed procedural posture of *Abdullahi* since Pfizer's stay motion.
*Abdullahi* was already on appeal at the time this action was filed. Consequently,
considerations of judicial economy dictated that this case be stayed pending receipt of
guidance from the Second Circuit. Now that the Second Circuit has remanded *Abdullahi*
for decision on two issues, judicial economy is best conserved by transfer, so that only
one judge need consider the issues raised by the Second Circuit.

30761928.WPD                          3

to Maine. Even though the Maine lawsuit did not share all of the same counts as the New York case, it "essentially parallel[ed] counts I and III of the [New York] lawsuit's complaint." *Id.* at 1-2.

Plaintiffs likewise ignore other case law cited in Pfizer's opening brief holding that "the issue is not whether identical causes of action have been pled in the two actions but whether they hinge on the same factual nuclei." *APA Excelsior*, 49 F. Supp. 2d at 669. *Accord, River Road Int'l, L.P. v. Josephthal Lyton & Ross Inc.*, 871 F. Supp. 210, 212 (S.D.N.Y. 1995) (transfer granted where "substantially the same issues of law and fact [were] being litigated in [related district court"); *Delaware Credit Corp. v. Aronoff*, 1992 WL 170896, at *3 (W.D.N.Y. July 10, 1992) (granting transfer where plaintiff argued the actions "involv[ed] neither the same parties nor the same issues"). For these reasons, plaintiffs' contention that their three supplemental state law claims somehow make this case different from *Abdullahi* is unavailing.

Moreover, plaintiffs offer no authority to support why Connecticut law would even apply under Connecticut choice of law principles.[2] In fact, they concede that "many of the events and the actual execution of the drug test occurred in Nigeria" (Pl. Br. at 17) and do not dispute that the actual injury to plaintiffs occurred in Nigeria. Accordingly, Connecticut law dictates that Nigerian law would apply to this case and these claims should be dismissed. *Northern Tankers*, 934 F. Supp. at 38 (applying New York law where "place of the injury" was New York) (Goettel).[3]

---

[2]   As Pfizer established in its opening brief, if this case is transferred to the Southern District of New York, the Southern District of New York will need to apply Connecticut choice of law principles. *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964).

[3]   *Accord, Feldt v. Sturm, Ruger & Co.*, 721 F. Supp. 403, 404-405 (D. Conn. 1990) (applying Georgia products liability law where "injury occurred in Georgia"); *Icelandic Coast Guard v. United Techs. Corp.*, 722 F. Supp. 942, 948 (D. Conn. 1989) (applying Icelandic law where helicopter crash occurred off the coast of Iceland); *Katz v. Gladstone*, 673 F. Supp. 76, 80 & n2 (D. Conn. 1987) (applying Pennsylvania law because that was the "place where the injury occurred").

30761928.WPD                    4

Plaintiffs also argue that although they were participants in the same clinical trial in Nigeria as plaintiffs in *Abdullahi* (*See* Pfizer's Br. at 2), this case should not be transferred to the Southern District of New York because they are not the same plaintiffs. But again, plaintiffs ignore case law previously cited by Pfizer holding that transfer is still warranted where, as here, plaintiffs, while not identical, share common facts and claims against the same defendant. *Jacobs v. Happiness Exp., Inc.*, 1996 WL 537825, at *1 (E.D.N.Y. Sept. 16, 1996) (plaintiffs in two actions were different, but the cases "involve[d] shareholders suing the [same defendant] . . . based on alleged irregularities in [defendant's] financial reports"); *River Road*, 871 F. Supp. at 211 (plaintiffs, while different, were "purchaser's of [the same] stock and notes" and alleged similar Security Act violations); *Delaware Credit Corp*, 1992 WL 170896 at *3 (plaintiffs argued that two actions "involv[ed] neither the same parties nor the same issues").

Plaintiffs additionally argue that transfer is warranted only where there are *several* actions pending in the transferee district (Pl. Br. at 8-9). However, plaintiffs cite a case holding that "[t]ransfer of an action to a district where a related case is pending . . . avoids duplicative litigation and inconsistent results, thereby eliminating unnecessary expense to the parties while at the same time serving the public interest." *Levitt v. Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986). Plaintiffs also ignore Pfizer's previously cited cases holding the same.[4]

---

[4]     *Computer Assistance*, 564 F. Supp. at 1058 ("interests of judicial economy will be served by having the two actions before the same court"); *Everest Capital Ltd. v. Everest Funds Mgmt, L.L.C.,* 178 F. Supp. 2d 459, 469 (S.D.N.Y. 2002) (transfer to location of "first filed suit" granted); *Williams Gold Refining Co. v. Semi-Alloys Inc.*, 434 F. Supp. 453, 457 (W.D.N.Y. 1977) ("the two actions being tried together" would "result in a conservation of judicial resources and comprehensive disposition of this litigation"); *Reliance Ins. Co. v. Bend 'n Stretch, Inc.*, 935 F. Supp. 476, 478 (S.D.N.Y. 1996); ("consolidation" of two suits was "judicially economical"); *Pesin v. Goldman, Sachs & Co.*, 397 F. Supp. 392, 393 (S.D.N.Y. 1975) (related action pending in Pennyslvania).

Plaintiffs further argue that Pfizer has not met its burden of proof on this motion (Pl. Br. at 11-12), but cite easily distinguishable case law. In *Starlines, Ltd. v. Puerto Rico Mar. Shipping Auth.*, 442 F. Supp. 1201, 1208 (S.D.N.Y. 1978), unlike this action where Judge Pauley has already developed a familiarity with the facts and legal issues in this case, the court held that "[t]here [was] no indication that the litigation in Puerto Rico [had] proceeded to a more advanced stage" given that it "was commenced over three months after" the New York case.[5] *Rolls-Royce Motors, Inc. v. Charles Schmitt & Co.*, 657 F. Supp. 1040, 1060 (S.D.N.Y. 1987) is likewise inapplicable because "prior to the action, the parties negotiated that the governing law of the contract was to be that of New York." Finally, unlike here where plaintiffs have no connection to Connecticut, *City of New York v. General Motors Corp.*, 357 F. Supp. 327 (S.D.N.Y. 1973) was a class action instituted by the City of New York on behalf of citizens of New York.[6]

In sum, plaintiffs provide no reason why two separate courts should each decide motions to dismiss. Common sense dictates that one judge should address both *Abdullahi* and this case. Thus, this Court should transfer this case to the Southern District of New York.

**B.     Transfer Should Be Granted Because Judge Pauley Is Already Familiar With The Facts and Legal Issues In This Action**

As Pfizer established in its opening brief, Judge Pauley already is familiar with the facts and legal issues of this case having already reviewed lengthy memoranda of law, heard oral argument, and written a 34-page opinion dismissing the similar *Abdullahi* case. Plaintiffs in fact

---

[5]     Plaintiffs incorrectly state the action was commenced prior (Pl. Br. at 12).

[6]     Plaintiffs argue that the Pfizer must make a "clear cut and convincing showing" in favor of transfer (Pl. Br. at 11). Pfizer has made such a showing. Moreover, plaintiffs cite no District of Connecticut case applying this standard. *See LesCare Kitchens, Inc.*, 1998 WL 720536, at *2 ("moving party has the burden of establishing that there should be a change of venue").

30761928.WPD                                           6

concede that Judge Pauley is already "familiar with the legal issues perhaps relating to international law" (Pl. Br. at 15).

Plaintiffs' contention that this case should not be transferred because Judge Pauley is unfamiliar with Connecticut law is spurious (Pl. Br. at 15). Certainly any U.S. federal judge is capable of understanding state law. Moreover, plaintiffs cannot be given the power to write §1404 out of existence by appending Connecticut law claims to their complaint. Such a rule does not favor the "interest of justice" and indeed is contrary to the case law in this District holding that transfer is appropriate even where Connecticut law claims are pled. *Sutton*, 114 F. Supp. 2d. at 46; *Clisham Mgmt., Inc.*, 792 F. Supp. at 150; *LesCare Kitchens, Inc.*, 1998 WL 720536, at *2.[7]

Accordingly, "[i]t would be a disservice to [this Court], as well as to the litigants, to permit the litigation to remain" here when Judge Pauley has a "familiarity with the legal problems, attorneys, witnesses, and exhibits relating to the [case]." *Wyndham Assocs.*, 398 F.2d at 620.

### C.    The Interest Factors Favor Dismissal

As previously discussed, if Judge Pauley upholds his dismissal of *Abdullahi* on the grounds of *forum non conveniens*, and this case is likewise dismissed on *forum non conveniens* grounds, the transfer factors identified in this case (Pfizer's Br. at 10) will be irrelevant. But if both cases remain in the United States, these factors also would favor transfer to New York. Plaintiffs offer no evidence to suggest otherwise.

In regard to the factors of trial efficiency and the interests of justice, plaintiffs concede that "there is some trial efficiency" achieved by transfer (Pl. Br. at 31) and that *Abdullahi* is "a similar

---

[7]    Additionally, as discussed *supra*, plaintiffs argument is irrelevant given that claims by Nigerian citizens who allege to have been injured in Nigeria as a result of medical treatment received in Nigeria will be governed by Nigerian (and not Connecticut) law. *Northern Tankers*, 934 F. Supp. at 38.

30761928.WPD                                          7

case" and involves "international issues that are the same" (Pl. Br. at 8). Moreover, as discussed above, plaintiffs either ignore or fail to distinguish the case law holding that "the interests of judicial economy [are] served by having the two actions before the [Southern District of New York], which [can] then consider the appropriateness of consolidation." *Computer Assistance, Inc.*, 564 F. Supp. at 1058. Thus, these two factors favor New York.

Likewise, plaintiffs fail to offer any authority as to why plaintiffs – Nigerian residents and citizens – should be entitled to deference on this motion when they have no connection to Connecticut. On the contrary, they cite three cases holding the opposite. *Equipos Nucleares, S.A. v. Fairfield Energy Venture*, 1989 WL 6628, at *3 (S.D.N.Y. Jan. 23, 1989) (where "plaintiffs are aliens, and their connection to the forum is, at best, tenuous," "their choice of forum is afforded little weight"); *AVEMCO Ins. Co. v. GSF Holding Corp.*, 1997 WL 566149, at *7 (S.D.N.Y. Sept. 11, 1997) ("there is no reason not to disturb plaintiff's choice of forum" when plaintiff is foreign resident); *CSY Liquidating Corp. v. Trinity Indus. Inc.*, 1996 WL 44462, at *3 (S.D.N.Y. Feb. 2, 1996) ("emphasis on plaintiff's choice of forum. . . is lessened or does not apply when the chosen forum is not the plaintiff's home"). Indeed, "plaintiffs will not be inconvenienced any more by a transfer to [the Southern District of New York] because, no matter what the decision here, they will be forced to litigate in a foreign jurisdiction." *Equipos*, 1989 WL 6628 at *3. Accordingly, the deference afforded to plaintiffs choice of forum is entitled to little if any weight on this motion.

With respect to the convenience of the parties and witnesses, plaintiffs ignore that the most important witnesses are in Nigeria and argue that this case should remain in Connecticut because transfer to New York would force plaintiffs to obtain new New York counsel (Pl. Br. at 18-19). But, there is no rule that mandates plaintiff to obtain new counsel in New York, nor is there anything that

30761928.WPD

8

would prevent plaintiff's *present* counsel from seeking pro hoc vice admission in the Southern District of New York or seeking to join New York counsel in the related *Abdullah*i action.[8]

Also, plaintiffs' bald assertion that "witnesses that live in the New London, Groton would probably not be within a 100 mile sweep of the Federal court in New York" is unsupported speculation (Pl. Br. at 28). Pfizer has represented (1) that it will produce any current employee; and (2) it is unaware of any former "Pfizer employee who participated in the Kano, Nigeria treatment program who is subject to process in the District of Connecticut but is not subject to process in the Southern District of New York." Hershlein Aff. ¶ 7-8. Similarly, plaintiffs ignore the inconvenience to witnesses who will have to testify four times – in deposition and trial in each action. Moreover, even if depositions were coordinated in both actions, transfer would still be warranted because "it [would] not eliminate the potential for duplicative trial testimony." *River Road,* 871 F. Supp. at 214.

Furthermore, the location of events factor favors neither Connecticut nor New York because plaintiffs concede "many of the events and the actual execution of the drug test occurred in Nigeria" (Pl. Br. at 17).

Additionally, as to the forum's familiarity with the governing law, Judge Pauley is familiar with international law common to both cases, and plaintiffs offer no support for why their Connecticut law claims would prevent transfer or why their claims are even viable under Connecticut choice of law principles.

---

[8]  The case law plaintiffs cite likewise does not support their argument. In each of three cases the court granted transfer and obtaining counsel in the transferee court was not at issue. In *Delaware Credit Court*, "[d]efendants and plaintiff already [had] . . . counsel" in the transferee court. 1992 WL 170896 at *7. In *Jones v. Trump*, 919 F. Supp. 583, 589 (D. Conn. 1996), "plaintiff [was] proceeding pro se" and thus "would not have to incur the cost of retaining New York counsel." And in *Equipos*, the court did not address the issue.

Finally, plaintiffs suggest that this case should remain here because the legislature intended that CUTPA claims be prosecuted in the state of Connecticut (Pl. Br. at 33-34). Such a holding would allow the mere presence of a CUTPA claim in any complaint to serve as a bar to transfer. Such a rule is absurd and contrary to District of Connecticut cases cited *supra* at p. 7, all of which transferred the case despite an assertion of CUTPA claims.

In sum, transfer to the Southern District of New York is favored because "[i]t would be a disservice to the [the Court], as well as to the litigants, to permit litigation to remain [in Connecticut]" when [Judge Pauley] has a "familiarity with the legal problems, attorneys, witnesses, and exhibits relating to the [case]." *Wyndham Assocs.*, 398 F.2d at 620.

## CONCLUSION

For the foregoing reasons, Pfizer respectfully requests that its motion be granted.

Dated: December 8, 2003

*Of Counsel*:

Steven Glickstein (ct15725)
James D. Herschlein (ct24326)
Julie B. du Pont
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022-3598
(212) 836-8000

By: _Edward R. Scofield_
Edward Scofield (ct00455)

Edward Scofield
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
(203) 333-9441
Fax: (203) 333-1489
e-mail: escofield@znclaw.com
*Attorneys for Defendant Pfizer Inc.*

30761928.WPD

10