UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 11 P 4: 14

U.S. DISTRICT COURT
NEW HAVEN, CONN.

AJUDU ISMAILA ADAMU, ET AL      :

V.                              :    NO. 02CV2104 (GLG)

PFIZER INC                      :    December 11, 2003

## DEFENDANT'S OBJECTION TO MOTION FOR PERMISSION TO FILE A SURREPLY MEMORANDUM

Plaintiffs have moved for permission to file a surreply in opposition to defendant Pfizer's Motion to Transfer, requesting until January 7, 2004 to do so. Defendant Pfizer, Inc. objects to this request for two reasons.

First, plaintiffs have not articulated a sufficient reason to warrant the filing of such a brief. The Local Rules contemplate that an opening brief, an opposition brief, and a reply brief will be filed on a disputed question of law. See Local Rule 7. In this case, Pfizer filed its motion and opening brief on October 28, 2003. Plaintiffs -- after obtaining an extension of time, to which defendant consented -- filed their thirty-six page opposition on November 26, 2003. Pfizer's reply brief was then timely filed on December 8, 2003. Pfizer's reply adhered to the strictures of Local Rule 7(d), in that it was "strictly confined to matters raised by the responsive brief," contained "references to the pages of the responsive brief

to which reply [was] being made," and was limited to ten pages. The reply introduced no new factual or legal arguments.

Plaintiffs state that they "would like to file a surreply because of the importance and potential affect [sic] of the Motion to Transfer." But plaintiffs fail to articulate how such a brief will assist the Court in deciding the motion, or why such a brief is necessary or appropriate given the limited scope of Pfizer's reply. Moreover, the legal issue involved, a discretionary transfer under 28 U.S.C. §1404(a), is hardly unique, has already been fully briefed, and will not in any event determine the merits of the case.

Second, the constraints imposed by the proceedings now pending in the Southern District of New York militate against allowing a surreply. Earlier this week, Judge Pauley scheduled a status conference in the related *Abdullahi* case on February 13, 2004 to determine the future course of proceedings. Judicial economy would be served if the Court decided the motion sufficiently in advance of the February 13th conference so that, if the case is transferred, plaintiffs' counsel in this case could participate in the conference before Judge Pauley. The filing of an unnecessary surreply will simply delay the disposition of this motion, and if the transfer were to occur after the status conference, perhaps make it more difficult for Judge Pauley to coordinate the two cases.

Defendant is in no way unsympathetic to Mr. Altschuler's medical problem. If, for example, this request were for a reasonable extension of an existing deadline, rather than to file an unnecessary surreply, defendant would not object.

For these reasons, plaintiffs' request for leave to file a surreply should be denied.

_____
Edward R. Scofield (ct00455)

        Zeldes, Needle & Cooper, P.C.
        1000 Lafayette Blvd., Suite 500
        Bridgeport, CT 06604
        (203) 333-9441
        Fax: (203) 333-1489
        e-mail: escofield@znclaw.com

        Steven Glickstein (ct 15725)
        James D. Herschlein (ct 24326)
        Kaye Scholer LLP
        425 Park Avenue
        New York, NY 10022
        (212) 836-8000

        *Attorneys for Defendant*

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via facsimile transmission and U.S. Mail, postage prepaid, on this date, to:

> Richard P. Altschuler, Esq.
> Altschuler & Altschuler
> 509 Campbell Ave.
> P.O. Box 606
> West Haven, CT 06516

Dated at Bridgeport, Connecticut on this 11th day of December, 2003.

*[signature]*
Edward R. Scofield