

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AJUDU ISMAILA ADAMU, ET ALS     : CIVIL ACTION NO.  02 CV 2104 (GLG)
     Plaintiffs

VS.     :

PFIZER, INC.     : JANUARY 6, 2004
     Defendants

## PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY  BRIEF REGARDING THE DEFENDANT'S MOTION TO TRANSFER

The defendant claims on page 2 of its reply brief that a "mere appendage of Connecticut State law claims to a complaint plaintiff is not sufficient to defeat transfer" citing *Sutton v. Rehtmeyer Design Co.,* 114 F. Supp. 2d.46 and *Clisham Mgmt, Inc. v. American Steel Bldg. Co.* 792 F. Supp. 150.  However, in *Sutton,* the court felt after weighing all of the competing factors, the vast majority weighed heavily against the transfer.  Most, if not all, of the nine factors weighed in favor of <u>our</u> plaintiffs to keep the case in Connecticut.  In *Clisaham,* the court weighed the competing factors and ruled because of the logistical and financial burden and the ability of the parties to litigate the case in Texas and the fact that a transfer of venue contravened the interest of justice. Equally important, although Connecticut Unfair Trade Practice was involved in *Clisaham,*

there was also a claim of an equivalent Texas deceptive Trade Practices Act.  In our case we only have a claim of the Connecticut Unfair Trade Practices Act and no claims of New York law at all.  It is one thing to have a Texas court interpret its own state law, the Texas Deceptive Trade Practices Act, rather in our case where the defendant would have a New York federal court rule on the Connecticut Unfair Trade Practices Act as well as the Connecticut Products Liability Act and the Connecticut Fraudulent Concealment Act.  The defendant also misses the point as it claims on multiple occasions in its reply brief that the Connecticut law claims will be dismissed because Nigerian law not Connecticut law governs this action (plaintiff's reply brief page 2 citing Northern Tankers Ltd. v. Backstrom, 934 F. Supp. 33).  The defendant's wrongfully claim that Connecticut law would not apply under Connecticut choice of law principles in that "Connecticut law dictates that Nigerian law would apply to this case…" (plaintiff's reply brief page 4).  It is illogical to suggest that Nigerian law could possibly be applied to the Connecticut Unfair Trade Practices Act ,Connecticut Products Liability Act and CFCA as they are Connecticut State remedial law violations and should be determined and potentially enforced under Connecticut law and by a Connecticut Federal judge.

    As stated, the plaintiffs have alleged CUTPA, CPLA and CFCA remedial and potentially punitive statutes specific to Connecticut law based on the fact that some of the

LAW OFFICES ALTSCHULER & ALTSCHULER

509 CAMPBELL AVENUE, P.O. BOX 606, WEST HAVEN, CONNECTICUT 06516-0606 • (203) 932-6464, 932-1400 • JURIS NUMBER 100877

basic conduct referenced in plaintiff's complaint alleges cause of action and acts under those statutes that occurred in Connecticut. In fact, the *Northern Tankers* case indicates that it would be irrational and arbitrary to apply foreign law when such an application would frustrate the legitimate expectation of the parties "or undermine an important policy of Connecticut". Because our action is couched in violations of CUTPA, CPLA and CFCA violations of those Connecticut laws would deal with an important policy or policies in the State of Connecticut. In fact, CUTPA itself requires the plaintiff by Connecticut state statute to give notice, which this plaintiff did to the Attorney General of Connecticut to give him a right to intercede in the case. It would seem obvious that the Connecticut legislature intended for violations of CUTPA, CPLA and CFCA to be civilly prosecuted in the State of Connecticut. This is particularly true where those Connecticut laws are meant as remedial and to prevent in the case of CUTPA, particularly in our case, oppressive and immoral practices or fraudulent practices. Obviously the *Northern Tankers* case did not mandate that Connecticut Unfair Trade Practices should be tried in foreign states. The *Clisham* case obviously felt comfortable with sending this litigation back to Texas because it was going to be litigated under a statute of similar ilk and the Texas court would be intimately familiar with said statute. Moreover, in the *Sutton* case the court was swayed by the fact that no substantial part of the events given rise to those

claims under CUTPA actually took place in Connecticut but rather in Illinois.   In our case, most, if not all the CUTPA facts as well as the CPLA and Connecticut Fraudulent Concealment Acts did occur in Connecticut.   The *Clisham* court also felt that the Illinois venue would be appropriate for convenience of the parties and witnesses and most of the factors relating to transfer tipped in favor of Illinois.

The defendant again distorts the LesCare Kitchens litigation by simplifying it to an apparent holding that a mere appendage of a CUTPA claim is not sufficient to defeat the motion to transfer.  That case supports the plaintiff's position as the court appeared to be influenced by the fact that the forum selection clause and choice of law provision weighted heavily in favor of transferring the case to Georgia and that the parties voluntarily agree to that provision and that the contract alleged provided that it be construed in accordance with the laws of Georgia.  Finally, this court in the LesCare case also indicated that the plaintiff's choice of forum is generally entitled to great weight. Although it is true that the plaintiffs in are action are from a foreign country, and may be entitled to only a little weight on that fact alone <u>that does not mean no weight at all is to be given</u>.  However, <u>in light of all the other factors cited by the plaintiffs in their first brief as well as the burden required by the transferee</u>, the motion to transfer should still be denied.  By the plaintiffs having alleged over seventy-five percent of their case based on

LAW OFFICES ALTSCHULER & ALTSCHULER

509 CAMPBELL AVENUE, P.O. BOX 606, WEST HAVEN, CONNECTICUT 06516-0606  •  (203) 932-6464, 932-1400  •  JURIS NUMBER 100877

CUTPA, CPLA and CFCA specific Connecticut statutory remedial legislation, it has validly framed a web to keep this case in Connecticut.

The defendant's latest brief as well as its first legal memo are blind-eyed to the fact that the plaintiffs have claimed violations of the CUTPA, CPLA and CFCA. Those alleged statutory violations in our litigations are not mere appendages but are fundamental to the heart and soul of the plaintiff's lawsuit, alleging that the very basis of this drug test was an immoral and oppressive scheme and that the drug test itself was devised, implemented, executed and reviewed in Connecticut by Connecticut Board certified doctors who are part of this test and were employees of the defendant. It is equally important that much of the allegations in the plaintiff's complaint do allege causes of action that occurred in Connecticut. This further supports the plaintiff's argument that because there are three Connecticut actions with three separate theories of law and facts that the evidence will not be duplicated in the New York action nor will the issues be identical. Of equal importance, none of these issues have already been considered at all by the federal judge in New York. On the other hand, the federal judge in Connecticut has had this case in the Nutmeg state for over one year and has reviewed and received several briefs and conducted two in chamber conferences and discussions concerning this case and relating to some of the issues. Notably, Judge Pauley has not even

LAW OFFICES ALTSCHULER & ALTSCHULER

509 CAMPBELL AVENUE, P.O. BOX 606, WEST HAVEN, CONNECTICUT 06516-0606 • (203) 932-6464, 932-1400 • JURIS NUMBER 100877

considered the issue of forum non conveniens with regard to Connecticut and obviously, neither has he considered at all the CUTPA, CPLA or CFCA claims. Thus, to transfer this case to New York, Judge Pauley would just be beginning the process, which has already been going on for over a year in Connecticut.

In the footnote on page 3 of defendant's reply, it failed to respond to the plaintiff's threshold point that this motion to transfer is still premature because the Second Circuit Court has truly not made a final decision on the New York issues and has made no decisions on the Connecticut issues. The defendant responds to the plaintiff's argument only in its footnote by incorrectly stating the Second Circuit has remanded the New York case for decision on two issues. In fact, the Second Circuit has only remanded the case on the issue of forum non conveniens but it has not remanded the case for a final decision on the issue of whether the international law claims are viable. It has only remanded the case on that issue to have the New York judge add into his calculus the Flores case. Again, it is still the plaintiff's position that at some point Second Circuit is going to have to consider whether the forum non conveniens argument is valid with regard to Connecticut that cannot occur until a Connecticut district court makes that consideration and decision. As stated, the Connecticut federal court has more

significantly traveled the road regarding the issue of whether Connecticut is a more convenient forum than New York or Nigeria with regard to this case.

    <u>Amazingly, on page 7 of its brief the defendant claims that the interest factors favor a transfer to New York, which is incredible in that all or most of the nine interest factors universally favor the Connecticut venue or a worst, are neutral</u>.  Further, On page 9 of the defendant's reply they do admit that depositions can be coordinated in both actions but they worry that it cause a potentially duplicated testimony.   The plaintiff acknowledges there might be <u>some</u> duplicative trial testimony but with CUTPA, CPLA and CFCA there will be a significant amount of distinct and separate testimony that will not be duplicative.  Further, an inconsistent result might reasonably result between a case tried under CUTPA, CPLA and CFCA as in the Connecticut action as opposed to only international law claims as in the New York action.

    The defendant in its reply brief cites AVEMCO Ins. Co. v. GSF Holding Corp., 1997 WL 566149 which indicates foreign aliens are accorded little weight but not necessarily no weight at all.  However, the AVEMCO case also opined that "this applies when plaintiff has chosen a forum which is neither his home <u>nor the place where the caused of action arose</u> and the plaintiff's choice has afforded less weight when the "<u>operative facts of the case have no material connection within the district</u>" AVEMCO at

LAW OFFICES ALTSCHULER & ALTSCHULER

509 CAMPBELL AVENUE, P.O. BOX 606, WEST HAVEN, CONNECTICUT 06516-0606  •  (203) 932-6464, 932-1400  •  JURIS NUMBER 100877

*6. In our case, many of the operative facts did occur in Connecticut. Equipos and Nucleares v. Fairfield Energy 1989 WL 6628 and CSY Liquidating Corp. v. Trinity Indus., Inc. 1996 WL 44462 involve cases which might be myopically characterized as simply personal injury actions by foreign nationals. However, the plaintiffs cited those cases for other propositions. Our case concerns allegations of fraud, immoral and oppressive actions relating to this very drug testing that was blindly spurred by the economic that is alleged to be blindly spurred by the economic considerations of this multi-billion dollar international corporation trying to reap substantial monetary benefit without significant concern for the risk that the plaintiffs might suffer from this drug testing that was devised, executed and implemented in Connecticut and plaintiffs further claim that the test data was falsified in Connecticut. So in fact the Equipos, AVEMCO and CSY Liquidating cases do support the plaintiffs' position with regard to a motion to transfer.

Thus, for all of the reasons therefore stated within this surreply and the plaintiff's earlier reply brief, the plaintiff respectfully objects to the defendant's motion to transfer.

LAW OFFICES ALTSCHULER & ALTSCHULER

509 CAMPBELL AVENUE, P.O. BOX 606, WEST HAVEN, CONNECTICUT 06516-0606 • (203) 932-6464, 932-1400 • JURIS NUMBER 100877

Respectfully submitted,

ALTSCHULER & ALTSCHULER
   FOR THE PLAINTIFFS

BY _____
     Richard Altschuler
     Federal Bar No.07212
     509 Campbell Avenue
     P.O. Box 606
     West Haven, CT 06516
     (203) 932-6464

LAW OFFICES ALTSCHULER & ALTSCHULER

509 CAMPBELL AVENUE, P.O. BOX 606, WEST HAVEN, CONNECTICUT 06516-0606 • (203) 932-6464, 932-1400 • JURIS NUMBER 100677

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been mailed this 7th    day of    January 2004, postage prepaid to all counsel of record as follows:

Edward R. Scofield, Esq. (ct 00455)
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Post Office Box 1740
Bridgeport, CT 06601-1740

Steven Glickstein (ct 15725)
James D. Herschlein (ct 24326)
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022

Attorneys for Defendant Pfizer, Inc.

The Honorable Gerard L. Goettel
United States District Court
District of Connecticut
14 Cottage Place
Waterbury, CT 06702

_____
RICHARD ALTSCHULER

LAW OFFICES ALTSCHULER & ALTSCHULER

509 CAMPBELL AVENUE, P.O. BOX 606, WEST HAVEN, CONNECTICUT 06516-0606 • (203) 932-6464, 932-1400 • JURIS NUMBER 100877